### REAL ESTATE AGENT'S COMMISSION.

Circuit Court of Hamilton County.

JOHN PFANZ v. MAGDALENA HUMBERG ET AL.

Decided, February 29, 1908.

Where the contract with a real estate agent specifically states that he is to be paid for his services "when the property is sold," it is not error in an action by the agent against the owner for recovery of his commission to direct a verdict for the defendant, where the testimony has disclosed that the prospective purchaser refused to take the property because of defect in the title.

*Renner & Renner* and *Eugene Heim*, for plaintiff in error.
*A. L. Herrlinger* and *A. T. Fulford*, contra.

SMITH. J.; SWING, P. J., and GIFFEN, J., concur.

The contract of agency sued upon in this case distinctly sets out that the agreement entered into between the parties was that defendants in error were to pay Pfanz for his "services when the property was sold.".

This being so, the agent was not entitled to compensation until either a sale was had, or at least an enforceable contract made, signed by the sellers and purchaser, that would enable the sellers to compel the purchaser to take the property if he refused to do so.

Neither of these elements were present. A deed was offered by the defendants in error for the property in question to the

purchaser, Ohlinger, who declined to accept it, for the reason of an alleged defect in title.

The defendants were never in a position to enforce their rights against him; therefore, under the contract, no sale having been made, or there being no means of enforcing one, the plaintiff in error under the terms of his contract was not entitled to compensation.

There was no error in the trial court granting the motion of defendants at the close of plaintiff's testimony to arrest the evidence from the jury and direct a verdict for the defendants.

Judgment affirmed.